## Placement of Mentally Retarded Children

PACKEL, Attorney General, October 30, 1973.—
The first administrative appeal to the Secretary of
Education of a due process hearing held pursuant to
the amended consent agreement of the PARC Case
raises the following question:

What are the duties of the Department of Public
Welfare in regard to the placement of a child who has
been certified by a school psychologist as being in need
of a program which the public schools do not offer or
who has been found by a hearing officer to be in need
of a program which is available in a facility under the
supervision or control of your department?

It is my opinion, and you are so advised, that the
Department of Public Welfare must cooperate with the
school entity involved in determining the placement
of a child who has been certified by a school psychol-
ogist as being in need of a program which the public
schools do not offer. Further, the department is under
the legal obligation to place the child in accordance
with the recommendations of a hearing officer when
such recommendations are made.

Under the terms of the court's order, the Department of Public Welfare is a party defendant in the continuing implementation of the PARC consent agreement.[1] In order to fulfill the department's obligations under this order, the various segments of your department should be directed to confer with local education officials whenever a program under their auspices may be felt to be appropriate to the education and training needs of a particular child.

Secondly, when requested by local school officials, your department must assist in the preparation of information about and plans for a particular child whom that school entity proposes to place in a program in which your department is involved. It must be remembered that the Commonwealth's obligation under the PARC case is first to find a public program for a child before turning to the private sector.

Also, when a hearing officer recommends that the child be placed in a program which is operated under the supervision or control of the Department of Public Welfare, all steps must be taken to immediately comply with that recommendation, including the actual placement of the child by the Department of Public Welfare. Such a placement must take into account the convenience to the child and his or her family, the nature of the facility and the availability of places in that facility.

The continued cooperation of your department, the local school districts, parents and children will demonstrate your concern for every child's right to educational opportunities in Pennsylvania.

---

[1] Although the Department of Public Welfare, through administrative agreement, no longer has the responsibility to directly provide the education portion of an appropriate program, it must still act in such a way so as not to deny any mentally retarded child access to free public program of education and training appropriate to that child's needs.